UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| U.S. Bank Trust National Association, not in its individual capacity but solely as owner trustee for LSF10 Master Participation Trust | CIVIL ACTION NO: 1:24-cv-00028-LEW |
| **Plaintiff** | **PLAINTIFF'S FINAL PRETRIAL MEMORANDUM** |
| vs. | RE:<br>27 Ohio Street, Bangor, ME 04401 |
| Veronica Barry | Mortgage:<br>December 23, 2004<br>Book 9707, Page 276 |
| **Defendant** | |
| Midland Funding LLC<br>Barclays Bank Delaware | |
| **Parties-In-Interest** | |

NOW COMES the Plaintiff, U.S. Bank Trust National Association, not in its individual capacity but solely as owner trustee for LSF10 Master Participation Trust, by and through its undersigned counsel, and hereby provides its Final Pretrial Conference Memorandum, pursuant to Local Rule 16.4.

From the Plaintiff's perspective, this is a straightforward *in rem* foreclosure. The Plaintiff stipulates that the Defendant has no personal liability and that Plaintiff's relief is limited to *in rem* relief against the subject property. We have been informed by a buyer's broker of the borrowers' intent to sell the property on or before December 13, 2024, and have requested standard authorizations and documentation and should have prior to the pre-trial conference. A late December or January trial date will provide sufficient to close or prepare for trial.

If the matter is tried the information derived from the Plaintiff's business records will establish each of the elements of Foreclosure and Sale and is admissible in evidence under Rule

803(6) of the Federal Rules of Evidence (the business records exception to the hearsay rule) and the standard established under *U.S. Bank v. Jones*. *See* 330 F. Supp.3rd 530, 540 (D.Me. June 26, 2018), *affirmed by* 925.F.3d 534 (1st Cir., May 30, 2019), *rehearing and rehearing en banc denied* on July 23, 2019 (1st Cir.), holding (1) the district court did not abuse its discretion in finding that the loan history, including that of the prior loan servicer, was sufficiently reliable so as to be admitted under Fed.R.Evid. 803(6); and (2) the district court's admission of the history did not violate Fed.R.Evid. 901, 1001 or 1002); *see also Bank of New York Mellon v. Shone*, 239 A.3d 671, 2020 ME 122, 2020 WL 6165853 (Oct. 22, 2020) *Deutsche Bank v. Clifford*, 2021 ME 11, 2021 WL 727924, (Feb. 25, 2021).

The facts to be established by the evidence include the execution of the Note and Mortgage, assignment of the mortgage to Plaintiff, endorsement and transfer of the Note to Plaintiff in accordance with 11 M.R.S.A. §§ 3-1201 and 3-1203, default in payment of this Note, the amount due, and evidence to be submitted entitle the Plaintiff to Judgment as a matter of law under 14 M.R.S.A. § 6322. *See Jones*, 330 F.Supp.3rd at 535; *H.S.B.C. Bank, as Trustee v. Gabay*, 2011 ME 101, ¶10, 28 A.3d 1158, 1164 (2011); *Chase v. Higgins*, 2009 ME 136, ¶11, 9985 A.2d 508, 510-511 (2009); *see also Abbot v. LaCourse*, 2005 ME 103, ¶10, 882 A.2d 253, 255 (2005); *Simansky v. Clark*, 128 ME 280, 147 A.205 (1929) (the promissory note need only be produced at trial and the suit cannot be defeated by questioning the standing of the party entitled to enforce a promise).

Pursuant to 14 M.R.S. § 6322, and precedent established by, but not limited to, *Jones*, 330 F.Supp.3rd at 535; *Bank of America v. Greenleaf*, 2014 ME 89, ¶13, 96 A.3d 700, 708 (2014); *Bank of America v. Cloutier*, 2013 ME 17, ¶13, 61 A.3d 1242, 1245 (Me. 2013); *H.S.B.C. Bank, as Trustee v. Gabay*, 2011 ME 101, ¶10, 28 A.3d at 1164; *Wells Fargo Bank, N.A. v. deBree*, 2012 ME 34, ¶9, 38 A.3d 1257, 1259 (2012); *Beneficial Maine, Inc. v. Carter*, 2011 ME 77, 25 A.3d 96 (2011); *Chase v. Higgins*, 2009 ME 136, ¶11, 985 A.2d at 510-511; *Deutsche Bank Nat'l Trust Co. v. Raggiani*, 2009 ME 120, ¶¶ 5-8, 985 A.2d 1, 3 (2009); the Plaintiff will meet its burden of proof on each of the *Higgens* elements

of foreclosure:

1. the existence of the Mortgage, including the book and page number of the Mortgage, and an adequate description of the mortgaged premises, including the street address, if any, *see* P.L. 2009, ch. 402, §§ 9, 17 (effective June 15, 2009) (amending 14 M.R.S. §§ 2401(3), 6321 (2008));

2. properly presented proof of ownership of the Note and the Mortgage, including all assignments and endorsements of the Note and the Mortgage, M.R. Civ. P. 56(j) (amendment effective Aug. 3, 2009); see P.L. 2009, ch. 402, § 17 (effective June 15, 2009) (amending 14 M.R.S. § 6321 (2008));

3. a breach of condition in the Mortgage, *see* 14 M.R.S. § 6322 (2008) *Johnson v. McNeil*, 2002 ME 99, ¶ 17, 800 A.2d 702, 705 (2002);

4. the amount due on the Note, including any reasonable attorney fees and court costs, see 14 M.R.S. § 6322; P.L. 2009, ch. 402, § 11 (effective June 15, 2009) (to be codified at 14 M.R.S. § 6111(1-A)); *Johnson*, 2002 ME 99, ¶ 17, 800 A.2d at 705;

5. the order of priority and any amounts that may be due to other parties-in-interest, including any public utility easements, *see* 14 M.R.S. § 6322; *Johnson*, 2002 ME 99, ¶ 17, 800 A.2d at 705;

6. evidence of properly served notice of default and mortgagor's right to cure in compliance with statutory requirements, and/or the Note and Mortgage, including notice of the availability of mediation and in accordance with 14 M.R.S. § 6111 and M.R. Civ. P. 56(j);

7. that the Defendant is not in military service in accordance with the Servicemembers Civil Relief Act, *see* 50 U.S.C.S. App § 521 (LexisNexis Supp. 2009); M.R. Civ. P. 55(b)(4), *see Chase v. Higgins* 2009 ME 136; *see also Camden Nat'l Bank v. Peterson*, 2008 ME 85, ¶ 21, 948 A.2d 1251, 1257 (2008) (stating that a party seeking foreclosure must comply strictly with all steps required by statute);

8. a statement that the total amount due does not include any amounts that become due after the date of the notice;

9. the recording of the Affidavit of Commencement of this foreclosure action; and

10. reference to and participation in the Foreclosure Diversion Program.

A Note, secured by a mortgage, is a negotiable instrument, and therefore it is governed by the provisions of the Uniform Commercial Code, as codified in 11 M.R.S. § 3-1101, *et seq.* A person or entity may be a person or entity "entitled to enforce the instrument even though the person is not the owner of the instrument." 11 M.R.S. § 3-1301(3). The Holder of the Note, as defined as a person or entity entitled to enforce an instrument pursuant to 11 M.R.S. § 3-1301, has standing to initiate, pursue and prevail in a foreclosure action. *See Cloutier*, 2013 ME 17 at ¶ 15. It is well-settled that the "holder of a negotiable instrument and the other parties listed in § 3-1301 are the 'only' parties entitled to enforce a negotiable instrument." *Green Tree Servicing, Inc. v. Corsetti*, Cumb. Sup. Ct. Docket No. RE-11-419, *citing Mortgage Electronic Systems, Inc. v. Saunders*, 2010 ME 79, ¶ 12, 2 A.3d 289, 296 (Me. 2010); *see also Cloutier*, 2013 ME 17. Plaintiff holds the Note through its agent, Doonan, Graves & Longoria, LLC, and will present same at trial.

The Note is also a self-authenticating document pursuant to Fed.R.Evid. 902(9). Rule 902(9) specifically provides that "extrinsic evidence of authenticity as a condition precedent to admissibility is not required with respect to […] Commercial paper, signatures thereon and documents relating thereto to the extent provided by general commercial law." Fed.R.Evid. 902(9). In addition, the Mortgage and Assignments of Mortgage herein are self-authenticating documents. Fed.R.Evid. 902(4). Rule 902(4) provides that a "[e]xtrinsic evidence of authenticity as a condition precedent to admissibility is not required with respect to […] a copy of an official record or report or entry therein, or of a document authorized by law to be recorded or filed and actually recorded or filed in a public office […]." Fed.R.Evid. 902(4). As certified copies of public records, the Mortgage and

Assignments are self-authenticating documents. *See also* Fed.R.Evid. 1005 (noting that the contents of a public record are proved by a certified copy).

Furthermore, the Mortgage and Assignments of Mortgage are admissible pursuant to Federal Rules of Evidence 803(14) as documents affecting an interest in property. *See U.S. Bank v. Gordon*, 2020 ME 33, ¶ 8, 2020 WL 1270494 *1 (March 17, 2020). As such the foundational requirements of Rule 803(6) are met as argued above, but not required, and Plaintiff's exhibits are admissible on this ground as well. The loan history and account summary reflecting the payments and charges on the account as well as the total due are, likewise, business records that are admissible under Fed.R.Evid. 803(6). *Jones* 330 F. Supp.3d at 540, *see also Bank of New York Mellon v. Shone*, 239 A.3d 671, 2020 ME 122, ¶ 1, 2020 WL 6165853 *1; *Deutsche Bank v. Clifford*, 2021 ME 11, 2021 WL 727924. The records are properly admitted notwithstanding the fact they they include records incorporated from prior servicers. *Jones*, 925 F.3d at 537-538, *citing FTC v. Direct Marketing Concepts, Inc.*, 624 F.3d 1, 16 n. 15 (1st Cir. 2020) (holding that integrated business records satisfy Rule 803(6) without requiring an extension of that Rule); *United State v. Doe,* 960 F.2d 221, 223 (1st Cir. 1992); *see also United States v. Trenkler*, 61 F.3d 45, 57-58 (1st Cir. 1995); *United States v. Nivica*, 887 F.2d 1110, 1126-27 (1st Cir. 1989) (noting that, where insufficient foundation was laid to admit financial documents as business records, the district court had discretion to admit the document under the residual exception set forth in Rule 807). *See also Bank of New York Mellon v. Shone*, 2020 ME 122; *Deutsche Bank v. Clifford*, 2021 ME 11.

The evidence at trial will prove that Notice in conformity with 14 M.R.S.A. § 6111 was made upon the Defendant by certified mail, return receipt requested and that the loan was not cured following notice. Finally, the evidence will demonstrate that this matter was mediated in the Foreclosure Diversion Program in March of 2024 but the remaining occupant was unable to modify the loan for a number of reasons as reflected in the final mediation report and the borrower agreed

to list the property and sell to satisfy the debt.

Based on the foregoing, if not sold prior to the trial date, Plaintiff will establish its right to foreclose through the evidence outlined above and it is respectfully submitted that Plaintiff will be entitled to a Judgment of Foreclosure and Sale of the subject property.

The Plaintiff plans on calling the following witnesses at trial:

**WITNESSES:**

1. Defendant, Veronica Barry
2. Representative of Select Portfolio Servicing, Inc., servicer for the holder and note for U.S. Bank Trust National Association, not in its individual capacity but solely as owner trustee for LSF10 Master Participation Trust

**EXHIBITS:**

1. Note in the amount of $140,000.00, executed by Veronica Barry on December 23, 2004, for the benefit of Ameriquest Mortgage Company.
2. Mortgage Deed securing the residence located at 27 Ohio Street, Bangor, ME 04401, executed by Veronica Barry on December 23, 2004, for the benefit of Ameriquest Mortgage Company, recorded in the Penobscot County Registry of Deeds in **Book 9707, Page 276**.
3. Assignment of Mortgage to Mortgage Electronic Registration Systems, Inc. (MERS) by virtue of an Assignment of Mortgage dated January 4, 2005, and recorded in **Book 10239, Page 96**.
4. Assignment of Mortgage to HSBC Bank USA, NA by virtue of an Assignment of Mortgage dated July 1, 2013, and recorded in **Book 13243, Page 196**.
5. Assignment of Mortgage to U.S. Bank Trust NA, as trustee for LSF10 Master Participation Trust by virtue of an Assignment of Mortgage dated October 30, 2017,

and recorded in **Book 14660, Page 246**.

6. Notice of Mortgagor's Right to Cure to Veronica Barry dated September 28, 2023.

7. Plaintiff's Request for Admissions to Defendant.

8. Loan History of subject Mortgage.

9. Inspection Report.

10. Military Status Report pursuant to the Servicemembers Civil Relief Act demonstrating that Defendant is not in the military.

Respectfully Submitted,

Dated: November 19, 2024

/s/Reneau J. Longoria, Esq.
Reneau J. Longoria, Esq. Bar No. 005746
Attorney for Plaintiff
Doonan, Graves & Longoria, LLC
100 Cummings Center, Suite 303C
Beverly, MA 01915
(978) 921-2670
RJL@dgandl.com

## CERTIFICATE OF SERVICE

      I, Reneau J. Longoria, Esq., hereby certify that on November 19, 2024, I served a copy of the above document by electronic notification using the CM/ECF system and/or First Class Mail to the following:

/s/Reneau J. Longoria, Esq.
Reneau J. Longoria, Esq. Bar No. 005746
Attorney for Plaintiff
Doonan, Graves & Longoria, LLC
100 Cummings Center, Suite 303C
Beverly, MA 01915
(978) 921-2670
RJL@dgandl.com

Veronica Barry
27 Ohio Street
Bangor, ME 04401

Barclays Bank Delaware
100 S West Street
Wilmington, DE 19801

Midland Funding LLC
2365 Northside Drive
Suite 300
San Diego, CA 92108